IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JIMMY TAYLOR,** | : | |
| | : | |
| Plaintiff | : | |
| | : | CASE NO. 5:24-cv-00436-MTT-AGH |
| VS. | : | |
| | : | |
| **DEBRA GOMEZ,** | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| Defendant | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

### ORDER

*Pro se* Plaintiff Jimmy Taylor, a prisoner at Wheeler Correctional Facility in Alamo, Georgia, has filed a handwritten document that is docketed as a 42 U.S.C. § 1983 complaint. ECF No. 1.

### MOTION TO PROCEED IN FORMA PAUPERIS

This civil action was first filed in the Southern District of Georgia. On November 27, 2024, that court granted Plaintiff leave to proceed *in forma pauperis*. ECF No. 11. The court's Order gave the option to the Plaintiff to voluntarily dismiss his complaint to avoid the deduction of the filing fee from his inmate trust account and did not include any deduction instructions for his place of incarceration. *Id*. Plaintiff filed no motion to voluntarily dismiss this action to avoid payment of the filing fee as offered by the Southern District of Georgia prior to the transfer of this case to this district court. Instead, Plaintiff has now filed an amended complaint. ECF No. 20.

Filing fees are due when a case is initiated, and despite being granted leave to proceed without prepayment of the filing, a prisoner is still required to pay the full amount of the $350.00 filing fee as funds become available to him. *See* 28 U.S.C. § 1915(b)(1). Therefore, this Court is assessing this fee against the Plaintiff as required by federal statute and directing corrections officials to begin collecting the fee. *Id*.

I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.    Plaintiff's Obligations Upon Release

Release from incarceration/detention does not release Plaintiff from his obligation to pay the installments incurred while he was in custody. Plaintiff must still pay those installments based on the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

ORDER TO RECAST

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Plaintiff's pleadings are one hundred thirteen pages long and mostly incoherent, making it difficult determine what passages that are relevant to allegations against the named Defendant. *See id*. Rule 8 of the Federal Rules of Civil Procedure requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks". Plaintiff's complaint is neither short nor plain. Plaintiff's complaint also fails to comply with Rule 10(b) of the Federal Rules of Civil Procedure, which requires that a party must state its claims in paragraphs limited to a single set of circumstances.

To state a claim for relief under §1983, Plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995); *see also Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

Plaintiff has named his privately retained defense attorney as a Defendant. A criminal defense attorney, whether privately retained or court appointed, does not act on behalf of the State. *Polk Cty. v. Dodson*, 454 U.S. 312, 318-24 (1981). Therefore, Plaintiff fails to identify an

actionable defendant who acted under color of state law in accordance with a 42 USC §1983 claim. *See Edwards v. Wallace Community College*, 49 F.3d 1517, 1522-23 (11th Cir. 1995) (citing *West v. Atkins*, 487 U.S. 42, 49 (1988) and *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (explaining that the Supreme Court has defined "acting under color of law" as acting with power possessed by virtue of the defendant's employment with the state or by power possessed through state authority).

If Plaintiff wishes to proceed with this case, he must recast his complaint on the Court's required 42 U.S.C. § 1983 complaint form, stating his allegations and claims against a state actor using plain language. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each Defendant's actions or omissions resulted in the violation of his constitutional rights. When drafting his statement of claims, Plaintiff should list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?[1]

---

[1] Supervisory officials are not liable under § 1983 for unconstitutional acts based in *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). A prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *See Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005).

  (3)  When and where did each action occur (to the extent memory allows)?

  (4)  How were you injured because of this Defendant's actions or inactions?

  (5)  What relief do you seek from this Defendant?

The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's recast complaint will take the place of his original pleadings. Any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.

Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have regarding his incarceration. A plaintiff cannot join unrelated claims and/or defendants in a single action. *See generally* Fed. R. Civ. P. 20. A plaintiff may join defendants in one action only if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a "logical relationship" exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). Just because alleged events occur to one Plaintiff during the course of his incarceration

does not necessarily make claims about those allegations related. If the Plaintiff wishes to pursue unrelated claims, such claims would be separate actions that must be filed in separate complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above Civil Action number. The filing fee must also be addressed in each new civil action.

In submitting his recast complaint to the Court, Plaintiff must honestly and completely answer each question presented in the Court's standard § 1983 complaint form, and he is to submit his answers on the form as feasible. Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named Defendants in this case. Plaintiff need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff is not to include any exhibits or attachments nor is he to file supplements that otherwise amend or add to his complaint. ***THE COMPLAINT CANNOT BE LONGER THAN TEN (10) PAGES IN ITS ENTIRETY.***

Upon review of the recast complaint, if Plaintiff makes a colorable constitutional claim against any Defendant, the Court will order service of process on that Defendant. If Plaintiff fails to link a named Defendant to a claim or makes no allegations in the body of his complaint against a named Defendant, that Defendant can be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to comply with the Federal Rules of Procedure or otherwise to follow an order of the Court not to join unrelated claims. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for … failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978));

*Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences, Fed. R. Civ. P. 20(a)"); *Skillern*, 379 F. App'x at 860 ("[T]he district court did not abuse its discretion in dismissing Skillern's case without prejudice because Skillern failed to comply with … Rule 20(a)).

## CONCLUSION

Plaintiff is **ORDERED** to recast his complaint as instructed above within **FOURTEEN (14) DAYS** of the date of this Order. There shall be no service of process or discovery requests upon any Defendant until further order of the Court. **Plaintiff's failure to fully and timely comply with this Order may result in the immediate dismissal of this action.**

The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff for his use in recasting his complaint.

**SO ORDERED and DIRECTED**, this 8th day of January, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge